UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY ADLER,

    Plaintiff,

vs.

DELL, INC., et al.,

    Defendants.

_____/

Case No. 08-CV-13170

HON. GEORGE CARAM STEEH

### ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATION FOR IMMEDIATE APPEAL OF COURT'S DECEMBER 18, 2008 ORDER OR FOR CERTIFICATION OF ISSUE FOR DECISION TO THE MICHIGAN SUPREME COURT

This purported class action arises out of plaintiff Barry Adler's ("Adler") purchase of a Dell computer which came with a one-year onsite warranty repair service agreement which he claims he was unaware he could decline. On December 18, 2008, this Court entered a written order granting defendants' ("Dell's") motion to compel arbitration and stayed further judicial proceedings until "resolution of the arbitration pursuant to 9 U.S.C. § 3." Now before the Court is Adler's motion for certification of interlocutory appeal to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b) or, alternatively, certification to the Michigan Supreme Court pursuant to Michigan Court Rule 7.305(B). Having failed to meet his burden of proof, Adler's motions for certification shall be denied.

I.    Plaintiff's motion for 1292(b) certification shall be denied

A.    Section 1292(b) certification is reserved for extraordinary cases

    Section 1292(b) certification is to be awarded "sparingly and only in exceptional

cases." In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002). The Federal Arbitration Act ("FAA") permits the immediate appeal of orders denying arbitration, 9 U.S.C. § 16(a), but forbids the immediate appeal of orders compelling arbitration. 9 U.S.C. § 16(b). The reason behind the dichotomy is that the policy of prompt and efficient adjudication through arbitration should not be undermined by interlocutory appeal. Zosky v. Boyer, 856 F.2d 554, 561-62 (3rd Cir. 1988). Certification is unwarranted where "it would frustrate the pro-arbitration tilt of the [FAA], with its concomitant policy of avoiding unnecessary delays in prosecuting arbitration in part through the discouragement of immediate appellate review of orders compelling arbitration." Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transport Div., No. CV 02-1059, 2004 WL 5376210, *1 (D. Ariz. July 28, 2004). This Court has recognized that § 1292(b) certification should only be granted in exceptional circumstances. Hanna v. E.I. Du Pont de Nemours & Co., No. 04-CV-70287, 2006 WL 2086096, *2 (E.D. Mich. July 25, 2006) (Steeh, J.) (citing Krause v. Bd. of Kent County Road Comm'r, 364 F.2d 919, 922 (6th Cir. 1966); Milbert v. Bison Lab., 260 F.2d 431, 433 (3rd Cir. 1958)). Section 1292(b) certification is even more rare in the arbitration context given the policy of the FAA to encourage arbitration. See e.g. Stephens v. Wachnovia Corp., No. 06cv246, 2008 WL 1820928, *4 (W.D.N.C. April 21, 2008); Barker v. Halliburton Co., No. H-07-2677, 2008 WL 536640, *2 (S.D. Tex. Feb. 27, 2008); Levitt v. Lipper Holdings, LLC, No. 03 Civ. 0266, 2006 WL 944450, *1 (S.D.N.Y. April 12, 2006).

B.    Standard of Law for § 1292(b) certification

The standard for granting interlocutory appeal under § 1292(b) is that there must be (1) "a controlling question of law," (2) "as to which there is a substantive ground for

2

difference of opinion" and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); In re City of Memphis, 293 F.3d at 350. Adler has failed to satisfy any prong of the three-part test.

    1.    Adler has failed to show that there is a "controlling question of law"

Certification is an exceptional avenue reserved primarily for cases where the controlling question is a matter of pure law. Fester Wheeler Energy Corp. v. Metro. Knox Solid Waste Auth., 970 F.2d 199, 202 (6th Cir. 1992). Adler frames the controlling question as whether Michigan law applies and whether a class action waiver provision in an arbitration agreement is unconscionable under Michigan law. Dell, on the other hand, casts the controlling question as whether the class action waiver is enforceable under the parties' allegedly chosen law of Texas. Either way, Adler has failed to establish that the controlling issue is a purely legal one which is ripe for interlocutory appellate review. Adler argues that Michigan, not Texas, law applies based on his contacts with Michigan. To determine whether Michigan law governs, Adler's claims requires an analysis of whether procedural and substantive unconscionability exists, whether Adler could feasibly seek individual relief for his claims, and whether Michigan has a materially greater interest in the dispute than Texas. These fact specific inquiries are not appropriate for interlocutory appeal. See Mayco Plastics Inc. v. TRW Vehicle Safety Sys. Inc., NO. 08-CV-12094, 2008 WL 4104472, *1 (E.D. Mich. Sept. 4, 2008) (Friedman, J.) ("the 'question of law' must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record") (quotations and citations omitted); Barker v. Halliburton, No. H-07-2677, 2008 WL 536640, *2 (S.D. Tex. Feb. 27, 2008).

The cases Adler relies upon are inapposite. He cites to <u>Board of Educ. v. Climatemp Inc.</u>, 91 F.R.D. 245 (N.D. Ill. 1981) where the district certified the denial of a motion for class certification in an antitrust action on the grounds that the denial seriously affected the manner in which the claim could proceed, including differences in discovery and the burden of proof for private as opposed to public purchasers. <u>Id.</u> at 251. By contrast, this Court's order did not deny class certification but left that issue for the arbitrator to decide in the first instance. Moreover, this case involves a simple consumer fraud claim which should be quickly resolved in arbitration.

Adler argues that proceeding to arbitration is a meaningless exercise and contends that the National Arbitration Forum ("NAF") will summarily deny his anticipated request for class certification on procedural grounds without even allowing the issue to reach the arbitrator. In support of this argument, Adler has asked this Court to take judicial notice of the fact that in another lawsuit pending in the Ninth Judicial Circuit for Orange County Florida, the NAF denied class certification without submitting the matter to an actual arbitrator for consideration. (Doc. 20). In support of this argument, Adler has submitted a copy of the plaintiff's motion to lift the stay, and two attorney affidavits stating that the NAF notified them that their claims could not proceed as class actions because they lacked the consent of the defendants. (Doc. 20, Exhibit C).

Adler further contends that although the NAF allows for class arbitrations in certain limited situations, in practice it applies NAF Code of Procedure Rule 19(A) to require the defendant's consent to class wide arbitration. Rule 19(A) provides:

> Any individual or Entity may, as agreed to by the Parties or as required by applicable law, join any dispute, controversy, Claim or Response in an arbitration by filing a Claim Document stating the grounds. An Arbitrator

4

> has no authority to issue an Order or Award binding any individual or Entity not a Party, unless that individual or Entity agrees or as required by applicable law.

(Doc. 20, Ex. B).  Rule 19(A) does not require consent of the parties for class certification as it provides that an individual or entity may join a claim either by agreement or "as required by applicable law."  But Adler argues that this is nevertheless the practice of the NAF.  In the Florida case, Adler has attached a copy of the motion that the plaintiff then filed in state court asking that the Court lift its stay and appoint a new arbitrator capable of fulfilling the court mandate that the arbitrator consider the question of whether under Florida law, the plaintiff's claim could proceed as a class action.  (Doc. 20, Ex. C).

The outcome of that motion is unclear as Adler has not attached a copy of the court's order and in fact, it is possible that the matter is still pending having just been filed in September, 2008.  Defendant objects to Adler's request that this Court take "judicial notice" that the NAF does not allow class actions to proceed unless defendants consent.  Defendant complains that Exhibit C is merely a one-sided motion that Adler has presented without the defendant's response or the court's ruling.  While Dell's complaints are well taken, even if this Court were to consider that motion as evidence that the NAF on one occasion denied class certification without a hearing, this does not translate into a general finding that the NAF is always an unfair tribunal.  Should the NAF fail to consider Adler's request for class certification on the merits, Adler would have available to him the same relief here as plaintiffs pursued in the Florida action.  He could petition this Court to lift the stay to fashion appropriate relief which might include the appointment of a different arbitrator.  The proper procedure in this case is for Adler

to petition the NAF to consider his request for class certification in the first instance. Should the NAF treat him unfairly, he may return to this Court for relief.

Adler also asks this Court to take judicial notice of the fact that NAF class actions employ a procedure where participants must "opt in," rather than "opt out," as is the procedure in federal court. Dell does not object to this Court taking judicial notice of NAF Class Arbitration Procedures and NAF Code of Procedure Rule 19(A). This Court does not find that this aspect of NAF's class procedures supports Adler's motion for interlocutory appeal.

The other cases cited by Adler in support of his claim that this Court's order compelling arbitration involves a controlling question of law fail to support his motion. In In re City of Memphis, 293 F.3d 345, 351 (6th Cir. 2002), the Sixth Circuit refused to certify the question presented under § 1292(b) because it was not a legal question "of the type envisioned in section 1292(b)." In S.A. Imineracao Da Trindade-Samitri v. Utah Int'l, Inc., 579 F. Supp. 1049, 1050 (S.D.N.Y. 1984), the district court certified its order granting defendants' motion to compel arbitration pursuant to 28 U.S.C. § 1292(b). That case is distinguishable because it involved international multi-party arbitration expected to last for two years, involved a question of law that arises repeatedly, and the issue was one which required the district court to reconcile divergent views of the Supreme Court and Second Circuit. By contrast, Dell estimates that the arbitration of Adler's claim would be resolved in less than three months, the legal issue does not rise repeatedly, the litigation is not complex, and there are no divergent views of the Supreme Court or the Sixth Circuit to be reconciled.

Adler also relies on Geico Corp. v. Penn. Power & Light Co., 689 F. Supp. 351,

354 (S.D.N.Y. 1988) and Nguyen v. City of Cleveland, 138 F. Supp. 2d 938, 940 (N.D. Ohio 2001), where the district courts certified their orders denying defendant's motion to compel arbitration. Those order are consistent with Congress' enactment of 9 U.S.C. § 16(a) of the FAA which allows for immediate appeal of the denial of motions to compel arbitration. There is no parallel provision allowing for interlocutory appeal of orders granting motions to compel due to the federal policy favoring the ease and efficiency of arbitration as an alternative to the expense and delay of litigation. 9 U.S.C. § 16(b).

Adler's reliance on Hoffman v. Citibank (South Dakota), N.A., 2007 WL 5659406 (C.D. Cal. Feb. 15, 2007) also is misplaced. In that case, the district court certified its order compelling plaintiff to individually arbitrate his claims for interlocutory appeal based on the question of whether California or South Dakota law governed the enforceability of the arbitration agreement. Id. at *3. The district court noted that the Ninth Circuit "has held on several occasions that class-action waivers in arbitration clauses contained in contracts of adhesion are unconscionable." Id. at *3. By contrast, the Sixth Circuit has never held that class-action waiver provisions are unconscionable. To the contrary, Dell points out that the Sixth Circuit is deferential to Congress' pro-arbitration stance. Walker v. Ryan's Family Steak Houses, Inc., 400 F.3d 370, 388 n.8 (6th Cir. 2005) ("[i]t does not appear, . . . that arbitration procedures are required to provide for class actions") (citing Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 32 (1991)).

    2. <u>Adler has failed to show that there is substantial grounds for difference of opinion.</u>

Even if Adler could show the existence of a controlling question of law, he has

7

not shown that there is "substantial grounds for difference of opinion." Adler points out that this Court's order compelling arbitration differed from two other district court opinions from this district applying Michigan law. Wong v. T-Mobile USA, Inc., 2006 WL 2042512 (E.D. Mich. July 20, 1996) (Edmunds, J.) and Lozada v. Dale Baker Oldsmobile Inc., 91 F. Supp. 2d 1087 (W.D. Mich. 2000). Contrary to Adler's argument, this Court's order did not conflict with those opinions, but rather, was factually distinguishable. Those cases involved the application of Michigan law and did not involve the separate choice-of-law provision.

Adler contends that the dearth of Michigan state case law on point supports his claim that there is a substantial ground for difference of opinion on this issue. In support of this argument, he relies on Mueller v. First Nat'l Bank of the Quad Cities, 797 F. Supp. 656, 664 (C.D. Ill. 1992), where the district court found that where there were no cases directly on point that created grounds for differing interpretations. Adler has taken the district court's observation out of context. Mueller involved a question of first impression as to whether a provision of the National Bank Act preempted provisions of the ADEA and ERISA. Id. at 660. No factual inquiry was involved, but rather, a purely legal question as to whether the term "at pleasure" in the National Bank Act conflicted with statutory interpretation of provisions of the ADEA and ERISA. Id. Mueller does not support plaintiff's claim for interlocutory appeal here where the legal questions presented are inextricably intertwined with factual ones.

Adler's attempts to show that there is substantial grounds for differences of opinion based on decisions of courts outside Michigan, where courts have ruled that class action waivers are unconscionable, is misplaced. The confusion caused by

8

conflicting case law must lie in the home forum itself and cannot be manufactured by studying the law on a national basis. See Stephens v. Wachnovia, No. 3:06CV 246, 2008 WL 180928, *4 (W.D.N.C. April 12, 2008) ("[w]hile the Plaintiff argues that numerous courts have reached different conclusions regarding the unconscionability of class action waivers, the Plaintiff has failed to show there is substantial ground for difference of opinion as to Alabama law regarding this issue." (emphasis in original); Ryan, Beck & Co., LLC v. Fakih, 275 F. Supp. 2d 393, 397-98 (E.D.N.Y. 2003) (disagreement among courts outside the controlling circuit did not constitute "substantial ground for difference of opinion.")

As reasoned in this Court's order compelling arbitration, the controlling legal question here is whether a class waiver is enforceable under Texas law. There is no difference of opinion among courts applying Texas law on this question. This Court noted in its order compelling arbitration, "Since AutoNation was decided, federal district courts applying Texas law have uniformly upheld arbitration agreements including class action waivers." (Doc. 14 at 11).

Adler argues that the question of whether Dell's "no class action" arbitration clause is enforceable presents a question of substantial merit. This Court does not dispute that the issue is substantial, but Adler has failed to show that this fact specific question must be visited by the Sixth Circuit at this juncture. The case should be allowed to proceed through the normal course of arbitration and then, Adler may appeal this Court's order compelling arbitration.

Since filing its motion for certification and reply brief, Adler has filed three additional papers to bring to the Court's attention recent case law purporting to show

9

that there is substantial ground for difference of opinion with respect to the enforceability of Dell's class action ban. Those cases involve New York, Ontario and New Jersey law. They are not persuasive as none involve Michigan or Sixth Circuit authority. Moreover, for the reasons discussed below, all are factually and/or legally distinguishable.

In re American Express Merchants' Litigation, _ F.3d _, 2009 WL 214525 (2d Cir. Jan. 30, 2009) involved a complex antitrust action where the costs of prosecuting individual claims were prohibitive because the costs of required expert testimony alone was estimated to cost between $300,000 to more than $2 million. Id. at *14. In reaching its decision, the Second Circuit relied on the First Circuit's holding in Kristian v. Comcast, 446 F.3d 25 (1st Cir. 2006), where the Court of Appeals refused to enforce an arbitration clause containing a class action waiver provision because the costs of individual claims in the context of a complex antitrust claim were prohibitive and would effectively deprive plaintiffs of their claims. Id. at *14. This Court discussed and distinguished the Kristian decision in its prior order compelling arbitration on the grounds that the claims presented here are simple consumer fraud claims that are not expensive to litigate and which can easily be prosecuted on an individual basis. (Doc. 14 at 20).

This Court relied on the holdings of the Third, Fourth, Seventh, and Eleventh Circuit Courts of Appeals who have enforced class action prohibitions in consumer arbitration clauses. Johnson v. West Suburban Bank, 225 F.3d 366, 374 (3d Cir. 2000), cert. denied sub nom, Johnson v. Tele-Cash, Inc., 531 U.S. 1145 (2001); Snowden v. CheckPoint Check Cashing, 290 F.3d 631, 638 (4th Cir. 2002), cert denied, 537 U.S. 1087 (2002); Livingston v. Assocs. Fin., Inc., 339 F.3d 553, 559 (7th Cir. 2003); Randolph v. Green Tree Fin. Corp., 244 F.3d 814, 819 (11th Cir. 2001). In short, the

American Express decision is distinguishable for the same reasons as Kristian which this Court addressed in its prior order compelling arbitration. American Express does not support Adler's claim that there is a substantial ground for difference of opinion on the issue of the enforceability of Dell's class action ban.

The second recent case Adler relies upon was decided in Ontario, Canada. Griffin v. Dell Canada Inc., No. 07-CV-325223D2 (Toronto Feb. 3, 2009) (Doc. 23, Ex. A). In the Griffin matter, the court conditionally certified a class and declined to enforce Dell's arbitration clause in the context of a complex products liability suit involving expensive expert testimony and where the prosecution of individual claims with a foreign arbitrator, the NAF, was not economically feasible. This case is factually and legally distinguishable from Griffin as this case involves the application of the laws of the United States, a choice of law provision, a domestic arbitration forum, and involves a simple consumer fraud action. Griffin does not support Adler's claim that there is substantial grounds for differences of opinion on the issue of the enforceability of a class action ban.

Adler also relies on Homa v. American Express, Co., __ F.3d __, No. 07-2921, 2009 WL 440912 (3rd Cir. Feb. 29, 2009), where the Third Circuit applied New Jersey law, despite a Utah choice of law provision, in the parties' agreement to invalidate the class action ban in the arbitration agreement. Similar to this case, the class action was brought on behalf of New Jersey consumers alleging violations of the New Jersey Consumer Fraud Act. Id. at *1. In Homa, however, the Third Circuit predicted that the Supreme Court of New Jersey would find that the class action waiver at issue violates the fundamental public policy of New Jersey in light of the New Jersey Supreme Court's

11

recent opinion in an analogous case. Id. at *5 (citing Muhammad v. County Bank of Rehoboth Beach, Del., 189 N.J.1, 912 A.2d 88, 89-101 (2006)). By contrast, there is no Michigan Supreme Court case holding that a class-action waiver provision is unconscionable in a consumer fraud action. Accordingly, Homa is distinguishable and does not support certification in this case.

C. <u>Certification must be denied because interlocutory appeal will not "materially advance the ultimate termination of the litigation."</u>

The third prong of the § 1292(b) analysis requires that the party seeking certification show that interlocutory appeal "may materially advance the ultimate termination of the litigation." Adler has failed to meet this burden. Dell argues that Adler likely will resolve the arbitration much faster than the time needed to perfect an appeal with the Sixth Circuit. The Supreme Court has emphasized the advantages of arbitration ordered under the FAA to secure for the parties relatively quick and informal dispute resolution. Preston v. Ferrer, ___ U.S. ___, 128 S. Ct. 978, 986 (2008) (FAA's "prime objective" is streamlined proceedings and expeditious results.") Arbitration "trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628 (1985).

Adler argues that "[t]his entire case, including both Mr. Adler's individual claims and the class claims, is stayed as a result of this Court's Order, such that an immediate appeal is appropriate." (Doc. 17 at 12). Only the court action is stayed. Adler is now free to move forward with his action via arbitration. It is for the arbitrator to decide whether the case may proceed as a class action. Dell argues that because all of the

issues are preserved for ultimate appeal after arbitration, the proper procedure is for Adler to proceed with arbitration and appeal from that final arbitration order once the arbitrator has decided the issues. This Court agrees. This process comports with what Congress envisioned when it enacted the FAA to encourage arbitration.

II.     <u>Adler's motion to certify the issue to the Michigan Supreme Court.</u>

As an alternative to § 1292(b) certification, Adler has requested that this Court certify the question of whether Dell's class action ban is unenforceable under Michigan law to the Michigan Supreme Court for decision under Michigan Court Rule 7.305(B)(1). Michigan Court Rule 7.305(B)(1) provides that "[w]hen a federal court . . . considers a question that Michigan law may resolve and that is not controlled by Michigan Supreme Court precedent, the court may on its own initiative or that of an interested party certify the question to the Michigan Supreme Court." Adler argues that the issue is ripe for review by the Michigan Supreme Court since it is an issue of first impression.

For the same reasons that Adler's § 1292(b) motion will be denied, his request to certify a question of law to the Supreme Court also must be denied. Most significantly, no controlling issue of Michigan law is at stake here. This Court enforced the arbitration agreement based on Texas law, namely the decision of <u>AutoNation USA Corp. v. Leroy</u>, 105 S.W.3d 190, 198 (Tex. App. 2003). Adler does not dispute that based on <u>AutoNation</u>, courts around the country, interpreting Texas law, have uniformly upheld arbitration agreements including class action waivers.

In order to certify the question to the Supreme Court, Adler must show that the certified legal issue is (1) "an unsettled issue of state law" that (2) "will likely control the outcome of the federal suit" and (3) "will not cause undue delay or prejudice." Local

13

Rule 83.40(a)(1)-(3). Adler has not made such a showing. Accordingly, his request to certify a question to the Michigan Supreme Court must be denied.

## CONCLUSION

For the reasons stated above, Adler's motion for certification of the December 18, 2008 order for immediate appeal, or in the alternative, for certification of issue for decision to the Michigan Supreme Court (Doc. 17 ) hereby is DENIED.

SO ORDERED.

Dated: March 10, 2009

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 10, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---